902 F.2d 32
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Silas L. DEANS, Jr., Plaintiff-Appellant,
v.
KENT COUNTY JAIL; Doctors in the Health Care, Michigan
Department of Corrections; Dunes Correctional Facility;
Robert Cotton Correctional Facility; Carson City
Correctional Facility, Defendants-Appellees.
 No. 89-1846.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1990.
 
 1
 W.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 Before KENNEDY and WELLFORD, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 4
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Silas L. Deans, Jr., appeals the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. Deans alleged that he was denied adequate medical treatment for his epilepsy at at least four different places of incarceration and sought compensatory damages. Upon consideration, we conclude that judgment for defendants was proper.
 
 
 6
 First, judgment for the defendant state agencies was proper. Generally, state agencies are absolutely immune from suit for damages under Sec. 1983. See Welch v. Texas Dep't of Highways and Public Transp., 483 U.S. 468 (1987). Here, plaintiff seeks only monetary relief. Therefore, judgment for the state defendants was proper. Also, the complaint was properly dismissed without prejudice with respect to the "doctors in the health care" because they were not served. See Fed.R.Civ.P. 4(j).
 
 
 7
 Further, summary judgment for the Kent County Jail was proper. Summary judgment is appropriate where the moving party establishes the absence of a genuine issue of material fact and the nonmoving party thereafter fails to adduce evidence that a genuine issue for trial remains. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). The moving party need not negate the opponent's claim, Celotex Corp., 477 U.S. at 323, but must merely point out the absence of evidence supporting the claim. Celotex Corp., 477 U.S. at 324. Upon careful consideration of the entire record, and for the reasons stated by the district court in its decision, we conclude that no evidence of "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" to support an eighth amendment claim against the defendant Kent County Jail exists. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 8
 Accordingly, plaintiff's motion for appointment of counsel is denied and the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation